RYAN, Judge
(dissenting in part, concurring in part, and concurring in the result):
For the reasons set forth in Judge Erdmann’s separate opinion, I respectfully dissent from the portion of the majority opinion that holds that the convening authority in this ease “dismissed” charges it expressly stated were “withdrawn.” However, I nonetheless concur in the result.
First, I agree with the majority’s conclusion that, pursuant to Rule for Courts-Martial (R.C.M.) 707(e), Appellant, by pleading guilty, waived any claim under R.C.M. 707.
Second, I agree with the majority’s conclusion that any speedy trial claim under Article 10, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 810 (2000), was waived. See also United States v. Mizgala, 61 M.J. 122, 127 (C.A.A.F.2005) (requiring a defendant to litigate an Article 10, UCMJ, claim prior to pleading guilty to avoid waiver).
Finally, I agree with the majority that Appellant’s counsel was not ineffective for failing to litigate Article 10, UCMJ, at trial. However, as I agree with Judge Erdmann that the “withdrawal” of charges was a nullity, I would also address the granted issue— whether Appellant’s counsel was ineffective because he did not inform Appellant that a guilty plea waived appeal under R.C.M. 707.
I would resolve Appellant’s ineffectiveness claim by addressing prejudice. See United States v. Perez, 64 M.J. 239, 243 (C.A.A.F.2006). In order to prevail on an ineffectiveness claim an appellant must show that there is a reasonable probability that “absent [counsel’s] error, there would have been a different result.” United States v. Davis, 60 M.J. 469, 474 (C.A.A.F.2005) (citation omitted). In this case, only dismissal with prejudice would have yielded a different result. To warrant dismissal with prejudice under R.C.M. 707 a defendant must satisfy, among other things, the Barker test. See R.C.M. 707(d)(1); Barker v. Wingo, 407 U.S. 514, 530-33, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
Appellant has not shown the requisite prejudice to meet this high standard. During much of the delay period Appellant was released from active duty and at home. He has not shown an improper Government purpose for the delay. Nor has he proffered evidence of either oppressive pretrial incarceration or evidence that his “preparation for trial, defense evidence, trial strategy, or ability to present witnesses” were adversely impacted by the delay in this case. Mizgala, 61 M.J. at 129 (addressing the Barker factors). Because there was no material prejudice to Appellant’s substantial rights under the facts of this case, I concur in the result.